1  Michael Avanesian, Esq. (State Bar. No. 278685)
   **JT LEGAL GROUP, APC**
2  801 N. Brand Blvd., Suite 1130
   Glendale, California 91203
3  Tel: 818.276.2477 │ Fax: 818.208.4550
   michael@jtlegalgroup.com
4
   Counsel for interested parties,
5  Suk Hyon Kim, Kihoon Kang, Kevin Kim, and You Rim Park

**FILED & ENTERED**

**JUL 10 2017**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

6            NOT FOR PUBLICATION

7        UNITED STATES BANKRUPTCY COURT        **CHANGES MADE BY COURT**

8          CENTRAL DISTRICT OF CALIFORNIA

9              LOS ANGELES DIVISION

10

11 | In re:                          | Case No.: **2:16-bk-15692-RK**
12 | RAMA KRISHNA CHAPARALA,         | Chapter 7
13 |         Debtor.                 | **ORDER DENYING WITHOUT PREJUDICE MOTION TO VACATE ORDER GRANTING OMNIBUS MOTION OF HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE, FOR ENTRY OF ORDER AUTHORIZING EXAMINATIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**
14 |                                 |
15 |                                 |
16 |                                 |
17 |                                 |
18 |                                 | [No hearing required per Federal Rules of Bankruptcy Procedure Rule 9024]
19 |                                 |

20       On June 7, 2017, Howard M. Ehrenberg, in his capacity as the Chapter 7 trustee (the

21 "Ehrenberg") duly appointed in the above-captioned bankruptcy case of debtor Rama Krishna

22 Chaparala (the "Debtor"), filed the Omnibus Motion for Entry of Order Authorizing

23 Examinations Pursuant to Federal Rule of Bankruptcy Procedure 2004 [Docket No. 124] (the

24 "Omnibus 2004 Motion"). The Omnibus 2004 Motion was granted, based, in part, on the

25 Declaration of Michaël Fischer in support of the Omnibus 2004 Motion [Docket No. 129] (the

26 "Order").

27       On July 10, 2017, Interested Parties Suk Hyon Kim, Kihoon Kang, Kevin Kim, and You

28 Rim Park filed a Motion for Order Vacating the Order based on lack of service to them, the



scope of examination being improper and because applicable rules were not followed in obtaining said Order.

Based on the moving papers, and for good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

~~1. The Order is Vacated in its Entirety;~~

~~2. Ehrenberg is directed to file individual motions for Rule 2004 Examinations which comply with local rules and which provide notice to any party whose records are being sought, whether directly or indirectly;~~

~~3. Ehrenberg shall segregate any produced documents pending further order from this court; and~~

~~4. The interested parties may file a motion for attorney's fees and costs.~~

1. The motion to vacate the Rule 2004 examination order is denied because: (1) there is no evidence in support of the motion as required by Local Bankruptcy Rule 9013-1(i); and (2) no notice of hearing on the motion was given as required by Local Bankruptcy Rule 9013-1(a), (c) and (d).  See also, Local Bankruptcy Rule 2004-1(f)(motions for protective order regarding Rule 2004 examinations require notice of hearing under Local Bankruptcy Rule 9013-1(d), or on shortened notice under Local Bankruptcy Rule 9075-1).

2. The denial of the motion to vacate order is without prejudice.

IT IS SO ORDERED.            ###

Date: July 10, 2017

_____
Robert Kwan
United States Bankruptcy Judge

